# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 209

In the Interest of C.A.R., a Child

M.L.B.,                                          Petitioner and Appellant

    v.

T.D.R., Father,                                  Respondent and Appellee

    and

C.A.R., a Minor Child,                                          Respondent

## No. 20190385

Appeal from the Juvenile Court of Richland County, Southeast Judicial District, the Honorable Bradley Allen Cruff, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Jonathan L. Green, Wahpeton, N.D., for petitioner and appellant.

Kiara C. Kraus-Parr, Grand Forks, N.D., for respondent and appellee.

## Interest of C.A.R.
## No. 20190385

**Tufte, Justice.**

[¶1] M.L.B. appeals from a district court order denying her petition to terminate T.D.R.'s parental rights. We affirm, concluding the district court did not abuse its discretion by denying the petition.

I

[¶2] M.L.B. and T.D.R. have one child together, C.A.R., born in 2015. In May 2018, M.L.B. petitioned for termination of T.D.R.'s parental rights, claiming T.D.R. had not seen C.A.R. since February 2017 and T.D.R. failed to pay child support except for one payment in January 2018. In a separate action, M.L.B.'s husband, A.G., petitioned to adopt C.A.R.

[¶3] In an affidavit, T.D.R. denied M.L.B.'s allegations, stating he was current with his child support payments. He stated he tried to contact C.A.R., but M.L.B. denied his requests. M.L.B. stated in an affidavit that T.D.R. is not truthful and she did not want him seeing C.A.R. because he pled guilty to soliciting sex with a minor in November 2017.

[¶4] After a September 2019 hearing, the district court found T.D.R. had not abandoned C.A.R. The court found T.D.R.'s lack of contact with C.A.R. was justified because T.D.R. relied on his counsel's advice during the pendency of his criminal case. The court also found T.D.R.'s failure to financially support C.A.R. before a child support order was in place did not support an intent to abandon C.A.R. The court found a child support order was not in place until August 2017, after its entry T.D.R. maintained substantial compliance, and T.D.R. was current on his support payments at the time of the hearing. The court denied M.L.B.'s petition to terminate T.D.R.'s parental rights.

II

[¶5] M.L.B. argues the district court erred in denying her petition and finding T.D.R. did not abandon C.A.R.

1

[¶6]   Under N.D.C.C. § 14-15-19(1), "[t]he rights of a parent with reference to a child . . . may be relinquished and the relationship of parent and child terminated in or before an adoption action." "[T]he relationship of parent and child may be terminated by a court order issued in connection with an adoption action under this chapter on any ground provided by other law for termination of the relationship, and in any event on the ground . . . [t]hat the minor has been abandoned by the parent." N.D.C.C. § 14-15-19(3)(a); *see also* N.D.C.C. § 27-20-44 (providing additional grounds for terminating parental rights).

[¶7]   The legislature has defined "abandon" in N.D.C.C. § 14-15-01(1):

> "Abandon" means:
> a. As to a parent of a child not in the custody of that parent, failure by the noncustodial parent significantly without justifiable cause to:
> > (1) Communicate with the child; or
> > (2) Provide for the care and support of the child as required by law.

We have said a district court should consider the following factors in deciding whether a child has been abandoned:

> [W]e look to such factors as the parent's contact and communication with the child, the parent's love, care and affection toward the child, and the parent's intent. Also relevant is the parent's acceptance of parental obligations such as providing care, protection, support, education, moral guidance, and a home for the child. A casual display of interest by a parent does not preclude a finding of abandonment, and a parent's negligent failure to perform parental duties is significant to the issue.

*In re Adoption of I.R.R.*, 2013 ND 211, ¶ 11, 839 N.W.2d 846.

[¶8]   A party seeking termination of parental rights must prove all the elements by clear and convincing evidence. *In re Adoption of H.G.C.*, 2009 ND 19, ¶ 10, 761 N.W.2d 565. "Clear and convincing evidence is evidence that leads to a firm belief or conviction the allegations are true." *Id.* Whether a child has been abandoned is a question of fact, and a finding of fact will not be reversed unless it is clearly erroneous. *Id.* A finding of fact is clearly erroneous if there

2

is no evidence to support it, if it is induced by an erroneous view of the law, or if we are left with a definite and firm conviction a mistake has been made. *I.R.R.*, 2013 ND 211, ¶ 12.

[¶9] Section 14-15-19(3), N.D.C.C., provides a district court may order termination of parental rights. When used in a statute, the word "may" is ordinarily understood as permissive rather than mandatory and operates to confer discretion. *Matter of Adoption of K.S.H.*, 442 N.W.2d 417, 420 (N.D. 1989) (stating that because N.D.C.C. § 27-20-44 uses the word "may," a court's decision to terminate parental rights under that statute is discretionary). If a petitioner meets the clear and convincing standard of proof, then the court has discretion under N.D.C.C. § 14-15-19 to decide whether to terminate parental rights. *See Matter of C.D.G.E.*, 2017 ND 13, ¶ 4, 889 N.W.2d 863.

> A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if its decision is not the product of a rational mental process leading to a reasonable determination, or if it misinterprets or misapplies the law. An abuse of discretion is never assumed and must be affirmatively established, and this Court will not reverse a district court's decision merely because it is not the one it would have made had it been deciding the motion.

*Id.* at ¶ 9 (quoting *Anderson v. Baker*, 2015 ND 269, ¶ 7, 871 N.W.2d 830).

[¶10] Here, the district court noted that T.D.R. has cerebral palsy, which limits him physically and intellectually. He works in his family's business and does not receive a regular wage. The court found T.D.R. was current with his child support obligation as of the date of the September 2019 hearing.

[¶11] The district court addressed T.D.R.'s criminal case in Minnesota. In March 2017, he was charged with soliciting a child through electronic means to engage in sexual contact. In November 2017, T.D.R. pled guilty to the charge, and the judgment prohibited him from having contact with minors unless approved by his probation officer. Before pleading guilty, T.D.R.'s attorney advised him not to have contact with C.A.R. because T.D.R.'s bond order prohibited contact with persons under 18.

[¶12] The district court found T.D.R. had no contact with C.A.R. for approximately 15 months, from March 2017 to June 2018. The court found that from March 2017 to November 2017, T.D.R.'s failure to contact C.A.R. was justified because T.D.R. relied on his counsel's advice to strictly comply with the bond order after his arrest. The court found T.D.R. attempted to contact C.A.R. after pleading guilty, but M.L.B. refused. M.L.B. testified she did not want T.D.R. to be part of C.A.R.'s life after T.D.R. was criminally charged. M.L.B. testified that on the advice of her counsel, she prohibited T.D.R. from having contact with C.A.R. after filing the petition to terminate T.D.R.'s parental rights. The court stated that "under the facts of this case, primarily [T.D.R.'s] intellectual limitations and [M.L.B.'s] threats and refusals, the court finds [T.D.R.'s] lack of contact to be justified."

[¶13] In regard to financial support, the district court found the parties disputed the amount of support T.D.R. provided from February 2016 through July 2017; however, the parties agreed T.D.R. paid $400 in March 2017. In August 2017, a court order established T.D.R.'s child support obligation. The court found that since entry of the child support order, "T.D.R. has gone a maximum of four months without making a child support payment." The court found T.D.R. "was current in his child support obligation when this matter was commenced and at time of trial." The court found "[T.D.R.'s] failure to pay child support prior to a formal order being in place and his subsequent substantial compliance is not evidence of intent to abandon C.A.R."

[¶14] The district court found "T.D.R.'s actions as a whole are not indicative of a parent who intended to or has abandoned his son." The court found M.L.B. "has not proven by clear and convincing evidence that T.D.R. has abandoned C.A.R."

[¶15] Under our standard of review, we conclude the district court did not abuse its discretion in denying M.L.B.'s petition to terminate T.D.R.'s parental rights. The court's findings have support in the record, and it did not act in an arbitrary, unconscionable, or unreasonable manner in making its decision.

## III

[¶16]  The order is affirmed.

[¶17]  Jerod E. Tufte
Gerald W. VandeWalle
Lisa Fair McEvers
Daniel J. Crothers
Jon J. Jensen, C.J.