# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 109

In the Interest of K.M.T., a Child

S.L.,                                                    Petitioner and Appellant

   v.

K.M.T., Child; S.L., Mother; M.T., Father,               Respondents

## No. 20210310

Appeal from the District Court of Oliver County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

AFFIRMED IN PART AND REMANDED IN PART.

Opinion of the Court by Crothers, Justice.

Jennifer M. Gooss, Beulah, ND, for petitioner and appellant.

# In the Matter of the Adoption of K.M.T.
## No. 20210310

**Crothers, Justice.**

[¶1]  S.P.L. appeals from a judgment denying his petition to terminate M.T.'s parental rights and adopt K.M.T. He argues the district court erred in denying his request to terminate M.T.'s parental rights and failing to consider whether M.T.'s consent was required for an adoption proceeding. We affirm in part and remand in part.

I

[¶2]  S.P.L. is married to K.M.T.'s biological mother, and the three have lived together since 2018. M.T. is K.M.T.'s biological father. M.T. lives in Texas and has not seen the child since 2017.

[¶3]  In April 2021, S.P.L. filed a petition for adoption and termination of M.T.'s parental rights. The petition alleged M.T.'s consent to the adoption was not required under N.D.C.C. § 14-15-06(a), (b), or (j) and that M.T.'s parental rights should be terminated under N.D.C.C. § 14-15-19.

[¶4]  A hearing on the petition was held in September 2021. M.T. opposed the termination of his parental rights and testified that recent years have been difficult but he did not abandon his son. He testified to paying child support and maintaining insurance for K.M.T. He also testified to trying to see his son but was told "no" by S.L., the child's mother. The district court denied S.P.L.'s request to terminate M.T.'s parental rights, finding S.P.L. failed to meet his burden establishing abandonment under N.D.C.C. § 14-15-19(3)(a). The court ultimately found because there was no termination of parental rights under N.D.C.C. § 14-15-19, there could be no adoption.

II

[¶5]  S.P.L. argues the district court erred in not terminating M.T.'s parental rights and for failing to determine whether M.T.'s consent was required in the adoption proceeding.

[¶6] This Court reviews a district court's factual findings in parental termination and adoption cases under clearly erroneous review. *In re S.R.F.*, 2004 ND 150, ¶ 7, 683 N.W.2d 913. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made." *Id.* at ¶ 8.

III

[¶7] S.P.L. argues the district court erred in finding M.T. did not abandon the child.

[¶8] Parental rights may be terminated upon a finding of abandonment. N.D.C.C. § 14-15-19(3)(a). Regarding a noncustodial parent, "abandon" means the failure to: "(1) Communicate through physical contact or oral conversation with the child; or (2) Provide for the care and support of the child as required by law." N.D.C.C. § 14-15-01(1)(a).

[¶9] This Court considers the following in deciding whether a parent has abandoned a child:

> "We look to such factors as the parent's contact and communication with the child, the parent's love, care and affection toward the child, and the parent's intent. Also relevant is the parent's acceptance of parental obligations such as providing care, protection, support, education, moral guidance, and a home for the child. A casual display of interest by a parent does not preclude a finding of abandonment, and a parent's negligent failure to perform parental duties is significant to the issue."

*In re K.J.C.*, 2016 ND 67, ¶ 10, 877 N.W.2d 62. The parent's intent to abandon can be inferred from the parent's conduct. *Id.*

[¶10] A party seeking termination within an adoption proceeding must prove all elements by clear and convincing evidence. *In re K.J.C.*, 2016 ND 67, ¶ 11. "Clear and convincing evidence is evidence that leads to a firm belief or conviction the allegations are true." *Id.* Based on the use of the word "may" in N.D.C.C. § 14-15-19(3)(a), the district court has discretion to decide whether to

2

terminate parental rights if the petitioner meets their standard of proof. *In re C.A.R.*, 2020 ND 209, ¶ 9, 950 N.W.2d 186.

[¶11] Here, the district court found M.T. has not exercised parenting time with the child since 2017, but M.T. had infrequent communication with the child three or four times per year. S.P.L. asserts the court erred in this finding because of testimony M.T. called once or twice a year. However, the testimony is conflicting because the child's mother testified M.T. only called the child once or twice a year, and M.T. testified he called more than four times.

[¶12] The district court addressed M.T.'s parental obligations and found M.T. paid child support and provided health insurance for the child. However, the court also found M.T. has not purchased clothing for the child, been involved in his education, or sent gifts for birthdays or holidays.

[¶13] At the end of the hearing, the district court stated:

> "[B]ased on the testimony and the evidence presented, the moving party failed by clear and convincing evidence. If the standard had been any lower, we wouldn't even be talking right now, we'd be moving to the adoption proceeding. But because the moving party has such a high burden to show in this case, and the evidence was contradicted by those statements and the exhibits, and your continuation to provide health insurance and continuation to pay child support, the Court is finding that the moving party has not met their burden."

[¶14] The district court's findings were not induced by an erroneous view of the law, are supported by the record, and we are not left with a definite and firm conviction a mistake was made. Thus, the court's findings are not clearly erroneous.

IV

[¶15] S.P.L. argues the district court erred in failing to make findings regarding whether M.T.'s consent was required in the adoption proceeding. He asserts N.D.C.C. § 14-15-06(1) provides an alternative route to terminating parental rights. We agree.

[¶16] North Dakota adopted the Revised Uniform Adoption Act in 1971. Sess. Laws 1971, ch. 157. Section 14-15-05(1)(b), N.D.C.C., requires the consent of the minor's father to an adoption proceeding unless consent is excused by N.D.C.C. § 14-15-06. Section 14-15-06, N.D.C.C., provides:

"1. Consent to adoption is not required of:

a. A parent who has deserted a child without affording means of identification or who has abandoned a child.

b. A parent of a child in the custody of another, if the parent for a period of at least one year has failed significantly without justifiable cause:
(1) To communicate with the child; or
(2) To provide for the care and support of the child as required by law or judicial decree.

c. The father of a minor if the father's consent is not required by subdivision b of subsection 1 of section 14-15-05.

d. A parent who has relinquished that parent's right to consent under section 14-15-19.

e. A parent whose parental rights have been terminated by order of court under section 14-15-19.

f. A parent judicially declared incompetent or mentally defective if the court dispenses with the parent's consent.

g. Any parent of the individual to be adopted, if the individual is an adult.

h. Any legal guardian or lawful custodian of the individual to be adopted, other than a parent, who has failed to respond in writing to a request for consent for a period of sixty days or who, after examination of the guardian's or custodian's written reasons for withholding consent, is found by the court to be withholding consent unreasonably.

4

i. The spouse of the individual to be adopted, if the failure of the spouse to consent to the adoption is excused by the court by reason of prolonged unexplained absence, unavailability, incapacity, or circumstances constituting an unreasonable withholding of consent.

j. A parent of the minor, if the failure of the parent to consent is excused by the court in the best interest of the child by reason of the parent's prolonged unexplained absence, unavailability, incapacity, or significant failure, without justifiable cause, to establish a substantial relationship with the minor or to manifest a significant parental interest in the minor, or by reason of inability of the court to identify the parent."

[¶17] Any provision of law which is part of a uniform statute must be construed as to effectuate its general purpose to make uniform laws in the enacting states. N.D.C.C. § 1-02-13. The comment to this uniform law explains that subdivisions (a) and (b) "excuse termination of parental rights in a separate proceeding[.]" Uniform Adoption Act (1969 Act), § 6, 9 U.L.A. 29 (1988). Subdivision (j) was added to N.D.C.C. § 14-15-06(1) effective July 1981. Sess. Laws 1981, ch. 174, § 2.

[¶18] Section 14-15-19, N.D.C.C., provides for relinquishment and termination of parental rights and provides an alternative method for terminating parental rights. Pertinent to this case, that law provides:

"3. In addition to any other action or proceeding provided by law, the relationship of parent and child may be terminated by a court order issued in connection with an adoption action under this chapter on any ground provided by other law for termination of the relationship, and in any event on the ground:

a. That the minor has been abandoned by the parent;"

N.D.C.C. § 14-15-19(3)(a). Thus, subsection (3) permits a district court to terminate parental rights in an adoption case under other law, such as excused consent in N.D.C.C. § 14-15-06.

5

[¶19] This Court recognizes N.D.C.C. § 14-15-06(1) is a route for determining whether consent is required in a proceeding for adoption, and by implication also must include the termination of parental rights when adoption without consent is ordered. *See Mortenson v. Tangedahl*, 317 N.W.2d 107, 110 (N.D. 1982) (stating a decree of adoption terminated the father's parental rights after the petition for adoption alleged the father's consent was not necessary under N.D.C.C. § 14-15-06(1)(b)); *In re A.M.M.*, 529 N.W.2d 864, 867 (N.D. 1995) (stating the ground for termination of parental rights without consent to adoption is based on N.D.C.C. § 14-15-06(1)(b)(1)).

[¶20] Here, S.P.L.'s petition alleged M.T.'s consent was not required, citing N.D.C.C. § 14-15-06(1)(a), (b), and (j). The petition also requested M.T.'s parental rights be terminated under N.D.C.C. § 14-15-19. The district court denied S.P.L.'s petition, finding he failed to meet his burden establishing abandonment under N.D.C.C. § 14-15-19(3)(a). The court found because there was no termination under that section, there could be no adoption. However, the court erred by not analyzing whether M.T.'s consent to adoption was required under N.D.C.C. § 14-15-06(1)(b) or (j), which permit termination of parental rights in the adoption proceeding.

[¶21] The district court's ruling was induced by an erroneous view of the law. We remand this case for findings under N.D.C.C. § 14-15-06(1)(b) and (j).

V

[¶22] The judgment denying S.P.L.'s petition is affirmed in part and remanded in part.

[¶23] Jon J. Jensen, C.J.
  Gerald W. VandeWalle
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte