# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2022 ND 236

In the Interest of J.J.G., M.K.G. and O.J.G., minor children

T.K.,                                           Petitioner and Appellant

  v.

D.D.G.,                                         Respondent and Appellee

### No. 20220159

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Emily M. Ramage, Williston, ND, for petitioner and appellant; submitted on brief.

Mark C. Sherer, Dickinson, ND, for respondent and appellee; submitted on brief.

## Interest of J.J.G., M.K.G. & O.J.G.
## No. 20220159

**VandeWalle, Justice.**

[¶1]   T.K. appealed from an order denying her petition to terminate D.D.G.'s, parental rights to the children J.J.G., M.K.G., and O.J.G and from an order denying her motion for a new trial. On appeal, T.K. argued the district court erred by failing to terminate D.D.G.'s parental rights, there was clear and convincing evidence he abandoned the children, and the court erred by denying her motion for a new trial. We conclude the district court's findings are not clearly erroneous and the court did not abuse its discretion by denying the motion for a new trial. We affirm.

I

[¶2]   T.K., the mother, and D.D.G., the father, have three children together. J.J.G. was born in 2008, M.K.G. was born in 2009, and O.J.G. was born in 2014.

[¶3]   In September 2021, the mother petitioned to terminate the father's parental rights, alleging the father abandoned the children. She alleged the father has a history of drug use, he abused her in front of the children, he has not seen or communicated with the two younger children for three years, he had one visit with the oldest child in 2019 and another visit in 2020, and he has not provided any financial support for the children.

[¶4]   An evidentiary hearing was held; and the mother, father, and other relatives testified. The district court denied the mother's petition, concluding there was not clear and convincing evidence the father abandoned the children. The mother moved for a new trial under N.D.R.Civ.P. 59. The district court denied the motion.

II

[¶5]   The mother argues the district court erred by denying her petition to terminate the father's parental rights. She claims there was clear and convincing evidence he abandoned the children.

[¶6] Under N.D.C.C. § 27-20.3-20(1)(a), the court "may terminate the parental rights of a parent . . . if [t]he parent has abandoned the child." For a parent of a child not in the custody of that parent, "abandon" means "failure by the noncustodial parent significantly without justifiable cause: (1) [t]o communicate with the child; or (2) [t]o provide for the care and support of the child as required by law." N.D.C.C. § 27-20.3-01(1).

[¶7] We have said there are a number of factors the court should consider in deciding whether a child has been abandoned, including:

> [T]he parent's contact and communication with the child, the parent's love, care and affection toward the child, and the parent's intent. Also relevant is the parent's acceptance of parental obligations such as providing care, protection, support, education, moral guidance, and a home for the child. A casual display of interest by a parent does not preclude a finding of abandonment, and a parent's negligent failure to perform parental duties is significant to the issue.

*In re C.A.R.*, 2020 ND 209, ¶ 7, 950 N.W.2d 186 (quoting *In re Adoption of I.R.R.*, 2013 ND 211, ¶ 11, 839 N.W.2d 846). "It must be shown the parent possessed 'intent to abandon [the children], which may be inferred from a parent's conduct.'" *B.L.L. v. W.D.C.*, 2008 ND 107, ¶ 6, 750 N.W.2d 466 (quoting *In re R.M.B.*, 402 N.W.2d 912, 915 (N.D. 1987)).

[¶8] "A party seeking termination of parental rights must prove all of the elements by clear and convincing evidence." *In re C.A.R.*, 2020 ND 209, ¶ 8. Whether a child has been abandoned is a question of fact, which will only be reversed on appeal if the finding is clearly erroneous. *Id.* A finding is clearly erroneous when there is no evidence to support it, it is induced by an erroneous view of the law, or if we are left with a definite and firm conviction a mistake has been made. *Id.*

[¶9] Furthermore, N.D.C.C. § 27-20.3-20 states the court "may" terminate parental rights if the elements have been met, and therefore the court has discretion in deciding whether to terminate parental rights. *See In re C.A.R.*, 2020 ND 209, ¶ 9 (holding the court has discretion to terminate parental rights

2

under N.D.C.C. § 14-15-19 because the statute uses the word "may," which is permissive and operates to confer discretion). If a petitioner proves the statutory elements by clear and convincing evidence, then the court has discretion under N.D.C.C. § 27-20.3-20 to decide whether to terminate parental rights. *See id.*; *In re C.D.G.E.*, 2017 ND 13, ¶ 4, 889 N.W.2d 863. However, "[a] district court's discretion under the statute is not unlimited. For example, if the evidence establishes that denying a petition to terminate parental rights 'would seriously affect [the children's] emotional well being,' the district court would err if it denied the petition." *In re C.D.G.E.,* at ¶ 4 (quoting *In re D.R.*, 525 N.W.2d 672, 674 (N.D. 1994)).

[¶10] The district court denied the mother's petition, finding there was not clear and convincing evidence the father abandoned the children. The court found the father's behavior toward the mother while they were in a relationship was not acceptable, the father has not had a stable living or employment situation in the past few years, and the father has not had much contact with the children in the last few years. The court further found:

> However, it is undisputed that [the father] loves and cares for his children. He has stayed away from them because it is what [the mother] wanted. He does not want to cause more conflict in the children's lives. The court finds he would like to have a relationship with his children, but is unsure how to establish one considering everything that has happened. Admittedly, [the father] has not taken steps to establish a parenting time plan within the court system that would ensure his rights.

The court found the father did not intend to abandon the children. The court also found the father has not paid child support and he will be ordered to do so in a separate, pending child support case once this case has concluded.

[¶11] The father testified that he attended some of the oldest child's sporting events in 2021 and that he last saw the other children in 2020. He testified the mother asked him not to contact her, he is not allowed to speak with the children, he does not have the mother's cell phone number or address, and he is not allowed to contact the mother or the children because it would cause more issues and he does not want to cause problems for his children. He also

testified that he offered to send a phone and pay the monthly fees so the children could call him, but the mother rejected his offer, and that he is only allowed to contact the children through the mother's boyfriend. The father testified he has not made any child support payments for the children, but he sent in paperwork for child support to be determined and he has offered to give the mother money for the children. The father testified he would like a relationship with the children and he loves them. The mother testified that she has never given the father her current address or phone number or informed him of when the children had school events or activities and that she does not want him to call.

[¶12] The district court found the father did not intend to abandon the children and there is not clear and convincing evidence of abandonment. Evidence in the record supports the court's findings.

[¶13] Furthermore, even if there was clear and convincing evidence of abandonment, the district court had discretion to terminate the father's parental rights. This Court has previously said if one of the required statutory factors for termination has been established, "a district court does not abuse its discretion in denying a parental-termination petition unless the petitioner establishes that denying the petition would seriously affect the child's welfare." *In re C.D.G.E.*, 2017 ND 13, ¶ 10. The mother has not established that denying the petition seriously affects the children's welfare.

[¶14] The district court's findings are not clearly erroneous, and the court did not err in denying the mother's petition.

III

[¶15] The mother argues the district court erred by denying her motion for a new trial.

[¶16] The district court has discretion in deciding whether to grant a motion for a new trial, and the court's decision will not be reversed on appeal unless the court abused its discretion. *Lessard v. Johnson*, 2019 ND 301, ¶ 7, 936 N.W.2d 528. A court abuses its discretion when it acts in an arbitrary,

unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination. *Id.*

[¶17] The mother moved for a new trial under N.D.R.Civ.P. 59, arguing there was insufficient evidence to justify the district court's decision denying her petition to terminate and there was newly discovered evidence. The mother alleged the father was arrested in April 2022 for driving under suspension and possession of a controlled substance with intent to distribute. She also alleged the court's decision denying her petition to terminate was based on findings that were not supported by the evidence.

[¶18] The district court denied the mother's motion for a new trial. The court explained it considered the father's prior criminal history, the father had been charged with new crimes, but even if the father was guilty of the new crimes it would not change the court's conclusion. The court also stated the mother was partially responsible for the father's lack of contact with the children, she did what she could to prevent him from contacting the children, and the mother cannot use her behavior against him to justify terminating his parental rights. The court found the father has not shown disregard for the children's general welfare and the father was trying to prevent further conflict by staying away according to the mother's wishes. The court concluded the situation did not warrant termination, and the court was not convinced the father abandoned the children or that it would promote the children's welfare to terminate his rights.

[¶19] The district court did not abuse its discretion by denying the mother's motion for a new trial.

IV

[¶20] We affirm the district court's order denying the mother's petition to terminate the father's parental rights and the order denying the mother's motion for a new trial.

5

[¶21] Jon J. Jensen, C.J.

Gerald W. VandeWalle

Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte