# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

## 2025 ND 207

---

In the Interest of B.L.H

Sarah Berg, APRN-CNP, PMHNP-BC,                    Petitioner and Appellee

v.

B.L.H.,                                            Respondent and Appellant

---

## No. 20250397

---

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable James T. Shockman, Judge.

AFFIRMED.

Per Curiam.

Leo A. Ryan, Jamestown, N.D., for petitioner and appellee; submitted on brief.

Andrew Marquart, Fargo, N.D., for respondent and appellant; submitted on brief.

**Interest of B.L.H.**

**No. 20250397**

**Per Curiam.**

[¶1] B.L.H. appeals from an order granting involuntary treatment with prescribed medication. B.L.H. argues the district court erred in finding him to be mentally ill and a person requiring treatment and in granting the petitioner's request for involuntary treatment with prescribed medication. In mental health commitment cases we apply the more probing clearly erroneous standard of review to the court's factual findings. *In re Doe*, 2019 ND 23, ¶ 4, 921 N.W.2d 403.

[¶2] Before a district court may order involuntary treatment with prescribed medication, the court must find, by clear and convincing evidence, that the patient meets the four factors listed under N.D.C.C. § 25-03.1-18.1(1)(a):

    (1)  That the proposed prescribed medication is clinically appropriate and necessary to effectively treat the patient and that the patient is a person requiring treatment;

    (2)  That the patient was offered that treatment and refused it or that the patient lacks the capacity to make or communicate a responsible decision about that treatment;

    (3)  That prescribed medication is the least restrictive form of intervention necessary to meet the treatment needs of the patient; and

    (4)  That the benefits of the treatment outweigh the known risks to the patient.

N.D.C.C. § 25-03.1-18.1(3). If the four factors are met, the court "may" issue an order "authorizing the tier 1b mental health professional to involuntarily treat the patient with prescribed medication on such terms and conditions as are appropriate." *Id.* "When used in a statute, the word 'may' is ordinarily understood as permissive rather than mandatory and operates to confer discretion." *In re C.A.R.*, 2020 ND 209, ¶ 9, 950 N.W.2d 186; *see, e.g.*, *In re J.J.G.*, 2022 ND 236, ¶ 9, 982 N.W.2d 851 ("If a petitioner proves the statutory elements

1

by clear and convincing evidence, then the court has discretion under N.D.C.C. § 27-20.3-20 to decide whether to terminate parental rights.").

[¶3]   We conclude the district court's findings are not clearly erroneous, and the court did not abuse its discretion by ordering involuntary treatment with prescribed medication. We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶4]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr