# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 208

D.A.H., step-parent; and K.R.H, mother,　　　　　Petitioners and Appellees

v.

D.A.D., father,　　　　　　　　　　　　　　Respondent and Appellant

and

North Dakota Department
of Human Services,　　　　　　　　　　　　　　Respondent

### No. 20250376

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Kristi P. Venhuizen, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Kelsey L. Hankey, Grand Forks, ND, for petitioners and appellees.

Mitchell R. Lucas (argued), under the Rule on Limited Practice of Law by Law Students, and Ward K. Johnson III (appeared), Grand Forks, ND, for respondent and appellant.

**Bahr, Justice.**

[¶1]   D.A.D., the father of G.M.H., appeals the district court's order terminating his parental rights. D.A.D. argues the court clearly erred in finding he abandoned G.M.H.; the court clearly erred in finding his parental rights should be terminated due to his misconduct, fault, or neglect; the court abused its discretion when it terminated his parental rights; and the court's application of N.D.C.C. § 14-15-01 violated his constitutional rights. We affirm.

I

[¶2]   D.A.D. and K.R.H. are the parents of G.M.H., born in 2020. D.A.D. and K.R.H. separated in June 2022. In September 2022, D.A.D. was arrested. He was convicted of four counts of possession of child pornography in April 2023. He was incarcerated for approximately 34 months, during which he had no contact with G.M.H. While incarcerated, D.A.D. filed for divorce. In the divorce judgment, the court ordered supervised parenting time upon D.A.D.'s release, conditioned on D.A.D. providing K.R.H. information regarding his release terms and conditions, registration requirements, and completion of any treatment programming.

[¶3]   In April 2025, D.A.H. and K.R.H. filed a petition for termination of parental rights and for adoption. The district court held a hearing in August 2025. In September 2025, the court issued its order terminating parental rights, finding by clear and convincing evidence that D.A.D. abandoned G.M.H. and that his parental rights should be terminated due to his misconduct, faults, and continuous neglect.

II

[¶4]   Section 14-15-19(3), N.D.C.C., provides:

> 3.  [T]he relationship of parent and child may be terminated by a court order issued in connection with an adoption action under this chapter on any ground provided by other law for termination

of the relationship, and in any event on the ground:

    a.  That the minor has been abandoned by the parent;

    b.  That by reason of the misconduct, faults, or habits of the parent or the repeated and continuous neglect or refusal of the parent, the minor is without proper parental care and control, or subsistence, education, or other care or control necessary for the minor's physical, mental, or emotional health or morals, or, by reason of physical or mental incapacity the parent is unable to provide necessary parental care for the minor, and the court finds that the conditions and causes of the behavior, neglect, or incapacity are irremediable or will not be remedied by the parent, and that by reason thereof the minor is suffering or probably will suffer serious physical, mental, moral, or emotional harm; or

    c.  That in the case of a parent not having custody of a minor, the noncustodial parent's consent is being unreasonably withheld contrary to the best interest of the minor.

[¶5] "The word 'or' is disjunctive in nature and ordinarily indicates an alternative between different things or actions." *Clemenson v. Clemenson*, 2025 ND 195, ¶ 11 (quoting *State ex rel. Stenehjem v. FreeEats.com, Inc.*, 2006 ND 84, ¶ 14, 712 N.W.2d 828). "Terms or phrases separated by 'or' have separate and independent significance." *FreeEats.com*, ¶ 14. Thus, "N.D.C.C. § 14-15-19(3) provides three independent grounds for terminating parental rights[.]" *Matter of Adoption of A.S.*, 2018 ND 265, ¶ 16, 920 N.W.2d 301.[1]

[¶6] Under N.D.C.C. § 14-15-01(1), as to a noncustodial parent, "abandon" means "failure by the noncustodial parent significantly without justifiable cause to: (1) Communicate through physical contact or oral conversation with the child; or (2) Provide for the care and support of the child as required by law."

---

[1] Section 14-15-19(3) also "permits a district court to terminate parental rights in an adoption case under other law[.]" *Int. of K.M.T.*, 2022 ND 109, ¶ 18, 974 N.W.2d 641.

"Whether a child has been abandoned is a question of fact, and a finding of fact will not be reversed unless it is clearly erroneous." *Int. of C.A.R.*, 2020 ND 209, ¶ 8, 950 N.W.2d 186. "A finding of fact is clearly erroneous if there is no evidence to support it, if it is induced by an erroneous view of the law, or if we are left with a definite and firm conviction a mistake has been made." *Id.*

[¶7]   "[W]hen the statutory elements to terminate parental rights are met, the court has discretion, but is not required, to terminate parental rights." *Int. of B.F.*, 2025 ND 127, ¶ 13, 23 N.W.2d 718 (quoting *Int. of J.C.*, 2024 ND 9, ¶ 22, 2 N.W.3d 228); *see also Int. of C.A.R.*, 2020 ND 209, ¶ 9 ("If a petitioner meets the clear and convincing standard of proof, then the court has discretion under N.D.C.C. § 14-15-19 to decide whether to terminate parental rights."). This Court reviews a court's exercise of its discretion to terminate parental rights under N.D.C.C. § 14-15-19 for an abuse of discretion. *Int. of C.A.R.*, ¶ 9.

> A district court abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if its decision is not the product of a rational mental process leading to a reasonable determination, or if it misinterprets or misapplies the law. An abuse of discretion is never assumed and must be affirmatively established, and this Court will not reverse a district court's decision merely because it is not the one it would have made had it been deciding the motion.

*Id.* (quoting *Matter of C.D.G.E.*, 2017 ND 13, ¶ 9, 889 N.W.2d 863).

### III

[¶8]   D.A.D. argues the district court clearly erred in finding he abandoned G.M.H.

[¶9]   The district court found D.A.D. was incarcerated for two years and ten months during a pivotal time in G.M.H.'s life. It further found D.A.D. only attempted to send four letters to G.M.H. while he was incarcerated and only attempted to call her three times. The court determined D.A.D.'s actions did not demonstrate a concerted effort to maintain a relationship with G.M.H. The court also found D.A.D. failed to provide K.R.H. with any information regarding his

3

release terms and conditions, registration requirements, and proof of completion of any programming. It also found D.A.D. has not reached out since his release, has not provided the information required by the divorce decree, and has no plan regarding his future. The court stated "there is clear and convincing evidence that [D.A.D.] abandoned his child. He has not communicated with her, cared for her, or supported her emotionally or financially as expected of a parent, both before and during his incarceration. His failure is significant and without justifiable cause."

[¶10] There is evidence to support the district court's finding D.A.D. abandoned G.M.H., the court did not misapply the law, and we are not left with a definite and firm conviction a mistake has been made. The court's finding D.A.D. abandoned G.M.H. is not clearly erroneous.

IV

[¶11] D.A.D. argues the court clearly erred in finding his parental rights should be terminated due to his misconduct, faults, or neglect. The district court stated "[t]he evidence presented does not provide any reasonable expectation that such deprivation of the child, by [D.A.D.'s] misconduct, faults, habits, and neglect, will stop, or in any way be remedied, in the near future." It concluded petitioners established by clear and convincing evidence that D.A.D.'s deprivation of G.M.H "will not likely be remedied and that his daughter will suffer as a result."

[¶12] Because N.D.C.C. § 14-15-19(3) provides independent grounds for terminating parental rights, and because we affirm the district court's finding D.A.D. abandoned G.M.H. under section 14-15-19(3)(a), we need not address D.A.D.'s argument under section 14-15-19(3)(b). *Matter of Adoption of A.S.*, 2018 ND 265, ¶ 16.

V

[¶13] D.A.D. argues the district court abused its discretion when it terminated his parental rights. He argues the court "acted unreasonably by disregarding material evidence" and issued "conclusory findings without credibility findings and/or giving the evidence its due regard[.]" D.A.D. also asserts the court

"misinterpreted or misapplied the law by treating D.A.D.'s incarceration as *per se* abandonment."

[¶14] D.A.D.'s argument the district court disregarded material evidence, erred in its credibility findings, and did not give evidence its due regard is a challenge to the court's factual findings. We already rejected D.A.D.'s argument the court's findings were clearly erroneous.

[¶15] The district court did not treat D.A.D.'s incarceration as *per se* abandonment. The court made factual findings regarding D.A.D.'s efforts to establish and maintain a relationship with G.M.H. while and after he was incarcerated. The court considered the limitations on D.A.D. due to his incarceration. It found D.A.D. "put forth a modicum of effort, but certainly didn't go to great lengths to maintain a relationship with his daughter." It also found, "since his release, he has not reached out, has not provided the information required by the divorce decree, and has no plan regarding his future." Summarizing its findings, the court stated, "[D.A.D.] has not communicated with her, cared for her, or supported her emotionally or financially as expected of a parent, both before and during his incarceration. His failure is significant and without justifiable cause." Based on all the facts presented, the court found by clear and convincing evidence D.A.D. abandoned G.M.H.

[¶16] D.A.D. has not demonstrated the district court misapplied the law, acted in an arbitrary, unconscionable, or unreasonable manner, or that its decision is not the product of a rational mental process leading to a reasonable determination. The court did not abuse its discretion in terminating D.A.D.'s parental rights.

VI

[¶17] D.A.D. argues the district court's application of N.D.C.C. § 14-15-01(1) violated his constitutional rights. Asserting he was incarcerated for most of the time at issue, D.A.D. asserts the court failed to consider the barriers placed on him as an incarcerated parent and that the court's application of the definition of abandonment "is contrary to the Fourteenth Amendment of the Constitution of the United States and Article 1, Section 1, of the North Dakota Constitution." He

asserts the court used the statutory language and "[his] incarceration to not give [his] attempts at communication with [G.M.H.] the weight they would otherwise be due."

[¶18] An "as-applied" challenge to a statute "is a claim that the constitution was violated by the application of a statute in a particular case." *SCS Carbon Transp. LLC v. Malloy*, 2024 ND 109, ¶ 8, 7 N.W.3d 268. This Court reviews an as-applied challenge to the constitutionality of a law de novo. *State v. King*, 2025 ND 174, ¶ 4, 26 N.W.3d 695.

[¶19] The definition of "abandon" in N.D.C.C. § 14-15-01(1) requires the court to consider whether the noncustodial parent's failure to communicate with the child or to provide care and support of the child is "without justifiable cause." A noncustodial parent's incarceration is a factor a court considers when determining whether a noncustodial parent's actions were with cause.

[¶20] We have stated, "Incarceration alone is insufficient to establish abandonment, but incarceration with other factors such as parental neglect, withholding affection, failure to provide financial support, and lack of contact can support a finding of abandonment." *In re Adoption of I.R.R.*, 2013 ND 211, ¶ 13, 839 N.W.2d 846. We have also "recognized a parent subject to incarceration or a protection order must make a greater effort to foster a nurturing relationship with a child." *Id.* "The district court must therefore draw the inferences regarding a parent's intent to abandon from the conduct and the efforts made by the parent to maintain and foster the relationship." *In re A.M.W.*, 2010 ND 154, ¶ 9, 786 N.W.2d 727.

[¶21] Contrary to D.A.D.'s argument, the definition of "abandon" in N.D.C.C. § 14-15-01(1) does not fail "to account for the unique circumstances of incarcerated parents." The definition also does not effectively create "a presumption of abandonment that is not based on parent's intent or ability to maintain a healthy relationship with their child[,]" as argued by D.A.D. Rather, section 14-15-01(1)'s definition of "abandon" *requires* courts to consider a noncustodial parent's incarceration when the court determines whether the noncustodial parent's actions were "without justifiable cause."

[¶22] D.A.D.'s argument the district court did not give his attempts to communicate with G.M.H. "the weight they would otherwise be due" is a repackaged challenge to the court's factual findings. D.A.D.'s disagreement with the court's factual findings does not demonstrate the court's application of N.D.C.C. § 14-15-01(1) violated his constitutional rights.

[¶23] D.A.D. has not demonstrated the district court's application of N.D.C.C. § 14-15-01(1) violated his constitutional rights.

VII

[¶24] We affirm the district court's order terminating parental rights.

[¶25] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr