# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 46

In the Matter of the Adoption of K.J.K.

R.E.J.,                                                                    Petitioner and Appellant

    v.

K.J.K., S.A.K., Birth Mother, S.D.K. (Deceased), Birth Father,
and the Executive Director of the Human Services
Department of North Dakota,                                      Respondents

## No. 20250252

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Stephannie N. Stiel, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Gregory W. Liebl, Fargo, ND, for petitioner and appellant.

William P. Harrie, Fargo, ND, amicus curiae for respondent K.J.K.

**Adoption of K.J.K.**
**No. 20250252**

**Crothers, Justice.**

[¶1]   R.E.J. appeals from a district court order dismissing his adoption petition. R.E.J. claims the district court made erroneous findings in its denial of the adoption petition. We affirm the district court's order dismissing the petition.

I

[¶2]   In August 2024, R.E.J., a man aged 76, petitioned the district court to adopt K.J.K., a woman aged 40. They have known each other for six years. In October 2024, the court held an evidentiary hearing and received testimony from K.J.K. and R.E.J. The court issued an order for investigation. The investigator created a report and the parties had another hearing in May 2025.

[¶3]   The district court noted inconsistencies in R.E.J.'s claim he was adopting K.J.K. to allow her to care for him. The court found K.J.K. may not have the physical ability to care for R.E.J. because her health has prevented her from working. The court noted K.J.K.'s legal relationship with her mother would terminate if R.E.J. adopted her, and K.J.K. was unaware of this consequence.

[¶4]   The district court received a doctor's report stating R.E.J. was able to make his own healthcare decisions, despite suffering from "mild cognitive impairment." However, the court determined the report did not show the doctor reviewed R.E.J.'s medical records. The court also found it was unclear whether the doctor knew of R.E.J.'s potential adoption or if their relationship was misrepresented. The court found R.E.J.'s mild cognitive impairment concerning because "large amounts of trust distributions are unaccounted for."

[¶5]   In its order denying the adoption the district court found it was not in the best interest of K.J.K. to grant the adoption. R.E.J. appeals. K.J.K. files an amicus brief in support of a reversal.

[¶6]   This Court reviews a district court's findings in adoption cases under the clearly erroneous standard. *In re K.M.T.*, 2022 ND 109, ¶ 6, 974 N.W.2d 641 (citing *In re S.R.F.*, 2004 ND 150, ¶ 7, 683 N.W.2d 913). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made." *Id.* "Under the clearly erroneous standard, we do not reweigh the evidence nor reassess the credibility of witnesses." *Anderson v. Foss*, 2025 ND 48, ¶ 27, 20 N.W.3d 664 (citing *Boldt v. Boldt*, 2021 ND 213, ¶ 8, 966 N.W.2d 897).

[¶7]   A district court's denial of an adoption decree is reviewed for an abuse of discretion. Section 14-15-13(3), N.D.C.C., provides:

> If at the conclusion of the hearing, the court determines that the required consents have been obtained and that the adoption is in the best interest of the individual to be adopted, the court *may*: a. Issue a final decree of adoption; or b. Issue an interlocutory decree of adoption . . . .

(Emphasis added.) "When a district court may do something, it is generally a matter of discretion." *Hoffman v. Jevne*, 2019 ND 156, ¶ 8, 930 N.W.2d 95; *see also D.A.H. v. D.A.D.*, 2025 ND 208, ¶ 7, 29 N.W.3d 590 (discussing how the court has discretion to not terminate parental rights, even if all statutory requirements are met). Similar to termination of parental rights, the court in an adoption case has discretion to deny a petition, even if it determines adoption is in the best interest of the adoptee. A court abuses its discretion when it "acts in an arbitrary, unconscionable, or unreasonable manner, if its decision is not the product of a rational mental process leading to a reasonable determination, or if it misinterprets or misapplies the law." *D.A.H.*, ¶ 7 (quoting *Int. of C.A.R.*, 2020 ND 209, ¶ 9, 950 N.W.2d 186). "An abuse of discretion is never assumed and must be affirmatively established, and this Court will not reverse a district court's decision merely because it is not the one it would have made had it been deciding the motion." *Id.*

# III

[¶8]   R.E.J. claims the district court erred in denying his petition for adoption because its findings were clearly erroneous in four instances. He argues the court clearly erred when it determined adoption would not accomplish the estate planning goals, found adoption would have a negative impact on K.J.K.'s relationship with her mother, determined adoption would not meet goals regarding R.E.J.'s care, and considered the best interests of both R.E.J. and K.J.K.

[¶9]   R.E.J. claims the district court incorrectly found the adoption would not effectuate his estate planning goals. The investigator's report stated K.J.K. would be able to inherit like R.E.J.'s biological children. The court found R.E.J. had not discussed the adoption with his biological children, which likely would result in K.J.K. being "brought into a contentious legal battle with her new siblings" regarding her inheritance rights and the circumstances surrounding the adoption. The court concluded the financial consequences of the adoption were not dispositive, but one of the many facts weighed to determine if the adoption is in K.J.K.'s best interest. A review of the record shows these findings were supported by evidence and we are not left with a definite and firm conviction a mistake was made. The court's finding was not clearly erroneous.

[¶10] R.E.J. claims the district court clearly erred in finding K.J.K.'s adoption would negatively impact her relationship with her biological mother. R.E.J. argues the personal and financial relationships between K.J.K. and her mother would not change. However, adoption would sever their legal relationship. *See* N.D.C.C. § 14-15-14(1) (providing legal relationships between the adopted individual and their biological parents are terminated, including inheritance and other considerations). The court found K.J.K. lives with her mother and receives financial support from her. At the hearing, the court told K.J.K. adoption would "terminate [her] relationship with [her] mother and [her] relatives." K.J.K. told the court she was unaware of this consequence. The court's finding adoption would negatively impact the relationship between K.J.K. and her mother is supported by evidence and is not a misapplication of law. The finding was not clearly erroneous.

[¶11] R.E.J. claims the district court clearly erred in finding the adoption would not accomplish the stated goal of allowing K.J.K. to care for R.E.J. He argues although he initially stated a goal of the adoption was to have K.J.K care for him, he abandoned that goal, and the court erred in considering it. In the order for investigation, the court referred to K.J.K.'s "promise" to care for R.E.J. This arrangement also was discussed at the October 2024 hearing. The investigator's report found K.J.K. has health problems that "can be debilitating" and have prevented her from working. After being asked about K.J.K.'s health, R.E.J. stated he wanted to adopt K.J.K regardless of her ability to care for him. The court's finding the adoption would not effectuate the goal of allowing K.J.K. to care for R.E.J. was not clearly erroneous, "abandoning" the stated goal at the final hearing does not preclude the court from considering it. *See* N.D.C.C. § 14-15-13(2) ("The court may continue the hearing . . . to permit further . . . consideration of *any facts or circumstances* affecting the granting of the petition." (emphasis added)).

[¶12] R.E.J. claims the district court clearly erred when it made findings on the best interests of both R.E.J. and K.J.K. Section 14-15-13(3), N.D.C.C., requires the court to determine if adoption is in the best interest of the adoptee. The statute neither requires nor prohibits the court from considering the best interest of the petitioner. The Revised Uniform Adoption Act does not provide a list of facts a court may or may not consider in determining whether to grant adoption. N.D.C.C. ch. 14-15; *Schneider v. S.L.M.*, 347 N.W.2d 126, 130 (N.D. 1984). Adoption is only permitted when it is in the best interest of the adoptee, but the court may consider any relevant fact. N.D.C.C. § 14-15-13(3).

[¶13] In its order, the district court determined the adoption was not in the best interests of the parties—either R.E.J. or K.J.K. Because the court has broad latitude in considering facts in an adoption case, the court did not clearly err by misapplying the law when it made findings on whether the adoption would be in the best interest of R.E.J.

[¶14] A district court's findings are reviewed for clear error, but the ultimate denial of an adoption decree is reviewed for an abuse of discretion. The district court determined "red flags" surrounded the adoption. The court found R.E.J.

4

failed to notify his family, the stated goals of the adoption were inconsistent, the medical records showed cause for concern, and the adoption would sever the legal relationship between K.J.K. and her family. Considering these concerns, together with other facts, the district court did not abuse its discretion in denying the adoption decree.

IV

[¶15] The district court's findings were not clearly erroneous and the court did not act in an arbitrary, unconscionable, or unreasonable manner or make a decision that was not the product of a rational mental process. Nor did the court misinterpret or misapply the law. The court therefore did not abuse its discretion in denying the adoption petition. We affirm the district court's order dismissing the petition.

[¶16]  Lisa Fair McEvers, C.J.
       Daniel J. Crothers
       Jerod E. Tufte
       Douglas A. Bahr
       Lolita G. Hartl Romanick, S.J.

[¶17] The Honorable Lolita G. Hartl Romanick, S.J., sitting in place of Jensen, J., disqualified.